RYAN G. WELDON
Assistant U.S. Attorney
ERIC E. NELSON
Special Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 3447
Great Falls, MT 59403
119 First Ave. North, Suite 300
Great Falls, MT 59403
Phone: (406) 761-7715
FAX: (406) 453-9973
E-mail:    Ryan.Weldon@usdoj.gov
           Nelson.Eric@epa.gov

ATTORNEYS FOR PLAINTIFF
UNITED STATES OF AMERICA

**FILED**

APR 0 6 2017

Clerk, U.S District Court
District Of Montana
Great Falls

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| UNITED STATES OF AMERICA, | CR 17-06-H-SEH |
|---|---|
| Plaintiff, | INDICTMENT |
| vs. | CONSPIRACY TO COMMIT WIRE FRAUD<br>(Count I)<br>Title 18 U.S.C. § 371<br>(Penalty: Five years imprisonment, $250,00 fine, and three years of supervised release) |
| JAMES KENNETH WARD,<br><br>Defendant. | |
| | WIRE FRAUD<br>(Count II)<br>Title 18 U.S.C. §§ 1343, 2<br>(Penalty: Twenty years imprisonment, $250,000 fine, and three years of supervised release) |
| | CRIMINAL FORFEITURE<br>18 U.S.C. §§ 981(a)(1) and 982<br>28 U.S.C. § 2461(c) |

1

THE GRAND JURY CHARGES:

INTRODUCTION

At all times relevant to the indictment:

1. The drilling and development of oil produces wastewater. The process known as "hydraulic fracturing," or "fracking" for short, involves injecting a mixture of water and chemicals into shale rock to release oil, and the resultant wastewater is referred to as "flowback" water. In addition, the wells produce subterranean brine-laden formation water referred to as "produced water." Collectively, the flowback and produced water are referred to as "saltwater."

2. Often saltier than seawater, this saltwater can also contain pollutants and radioactive substances, and can be damaging to the environment and public health if discharged to ground water, surface water, or the land surface. By injecting the saltwater deep underground in compliance with the law, saltwater disposal wells are designed to prevent contamination of soil and water.

3. Since saltwater contains solids, it can clog pumps. Tubular nets filter the water prior to it being pumped into the well. These nets, called "filter bags" or "filter socks" (hereafter referred to as "filter socks"), are generally situated at the initial disposal pod, as well as the pump house, where the saltwater flows prior to being pumped to the well.

4. Zenith Produced Water, LLC ("Zenith"), is a Colorado corporation that owned and operated saltwater disposal wells. These saltwater disposal wells produced waste filter socks.

5. The defendant, JAMES KENNETH WARD, sometimes conducted business as "JK Services," along with Francisca Shaver and others.

6. JAMES KENNETH WARD contracted with Zenith to properly dispose of the filter socks but instead disposed of them in a former North Dakota gas station in violation of North Dakota law.

7. The State of North Dakota has enacted laws governing the transportation and disposal of solid waste, which is defined in relevant part to mean any refuse, and discarded material, included solid, liquid, or semisolid material resulting from industrial or commercial operations. N.D. Cent. Code § 23-29-03(14). "Transport" is defined as "the offsite movement of solid waste," while "disposal" "means the discharge, deposit, injection, dumping, spilling, leaking, or placing of any solid waste into or on any land or water including ground water." N.D. Cent. Code §§ 23-29-03(3) and (18). Under North Dakota law, it "is unlawful for any person to own, operate, or use a facility for solid waste disposal or transport solid wastes without a valid permit." N.D. Cent. Code § 23-29-07(1).

8. North Dakota has regulations designed to manage solid waste in a manner that will protect the public health, safety, and welfare. North Dakota

3

Administrative Code (NDAC) § 33-20-01.1-01. No solid waste may be delivered to a facility which is not in compliance with the regulations, and solid waste cannot be abandoned on any public place or private premises. NDAC 33-20-01.1-04(2). Also, solid waste must be stored, collected, and transported in a manner that provides for public safety and prevents uncontrolled introduction into the environment. NDAC 33-20-01.1-04(3). The regulations also contain a requirement for a permit when an individual transports solid waste or operates a solid waste management unit or facility, unless the activity is an emergency, exemption, or exception. NDAC 33-20-02.1-01.

9. North Dakota also has regulations that specifically address waste material associated with exploration or production of oil and gas, and requires that these wastes be properly disposed of in an authorized facility in accordance with all applicable local, state, and federal laws and regulations. NDAC 43-02-03-19.2. In addition, at no time shall any spill or leak be allowed to flow over, pool, or rest on the surface of the land or infiltrate the soil. NDAC 43-02-03-30.1.

## COUNT I

That from April of 2011, through February of 2014, in the State and District of Montana, and other places, the defendant, JAMES KENNETH WARD, along with JK Services and Francisca Shaver, and others to the Grand Jury both known and unknown, did knowingly and intentionally conspire, confederate, and agree to

commit an offense against the laws of the United States, that is, having devised and intending to devise a scheme and artifice to defraud Zenith, and to obtain monies by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted in interstate commerce from Deer Lodge, in the State of Montana, and elsewhere, to Minneapolis, in the State of Minnesota, and elsewhere, by wire, writings, signs, and signals for the purpose of executing the scheme and artifice to defraud, in violation of 18 U.S.C. § 1343.

## OBJECT OF THE CONSPIRACY

The objective of the conspiracy was to obtain payment from Zenith when the defendant, JAMES KENNETH WARD, claimed he would legally and properly dispose of filter socks owned by Zenith, when in truth and in fact the defendant, JAMES KENNETH WARD, illegally and improperly left the filter socks at a former gas station in North Dakota.

## OVERT ACTS

In furtherance of the conspiracy, and to affect the objects thereof, the conspirators committed, among others, the following overt acts:

1. JAMES KENNETH WARD falsely told the President of Zenith that JAMES KENNETH WARD and others would legally and properly dispose of the filter socks owned by Zenith.

2. JAMES KENNETH WARD, JK Services, and Francisca Shaver took possession of filter socks owned by Zenith.

3. During the period of the conspiracy, JAMES KENNETH WARD did not legally and properly dispose of the filter socks as agreed upon by Zenith, but instead illegally and improperly left the filter socks at a former gas station located at 110 Main Street North, Noonan, North Dakota.

4. From April 14, 2011, until March 30, 2012, JAMES KENNETH WARD and Francisca Shaver sent invoices to Zenith requesting payment for the services rendered for the disposal of the filter socks.

5. On or about August 4, 2011, JAMES KENNETH WARD deposited a check from Zenith at First Security Bank in Deer Lodge, Montana, in the amount of $2,270.00.

6. On or about February 9, 2012, JAMES KENNETH WARD deposited a check from Zenith at First Security Bank in Deer Lodge, Montana, in the amount of $1,700.00

7. On or about August 24, 2012, Francisca Shaver deposited a check from Zenith at First Security Bank in Deer Lodge, Montana, in the amount of $1,500.00.

8. On or about August 24, 2012, Francisca Shaver deposited a check from Zenith in the amount of $4,500.

9. At various times throughout the conspiracy, JAMES KENNETH WARD, without the required permits, dumped and left the filter socks in a former gas station located at 110 Main Street North, Noonan, North Dakota, until authorities ultimately discovered the filter socks in February of 2014. All in violation of 18 U.S.C. § 371.

## COUNT II

That between, in, or about April of 2011, and continuing thereafter until in or about February of 2014, at Deer Lodge, in the State and District of Montana, North Dakota, Colorado, and elsewhere, the defendant, JAMES KENNETH WARD, having devised and intending to devise a material scheme and artifice to defraud the United States and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, for the purpose of executing such scheme and artifice, knowingly transmitted and caused to be transmitted by means of wire communication, in interstate commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice.

### SCHEME TO OBTAIN PAYMENT FOR DISPOSAL OF FILTER SOCKS

During the period of the Indictment, it was part of the scheme and artifice to defraud, and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, that the defendant, JAMES KENNETH WARD, would claim to legally and properly dispose of filter socks owned by

7

Zenith, when in truth and in fact, JAMES KENNETH WARD improperly and illegally left the filter socks at a former gas station in North Dakota.

## THE INTERSTATE WIRE COMMUNICATIONS

During the period of the Indictment, it was part of the scheme and artifice to defraud the United States that the defendant, JAMES KENNETH WARD, having devised and intending to devise a material scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, as described herein, and for the purpose of executing the scheme to defraud, knowingly transmitted and caused to be transmitted by means of wire communication in interstate commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, that is, wire deposits, phone calls, and other electronic submissions, including deposited checks, from Deer Lodge, in the District of Montana, and elsewhere, to Minneapolis, in the District of Minnesota, and elsewhere, in violation of 18 U.S.C. §§ 1343, 2.

## CRIMINAL FORFEITURE

The allegations set forth in Count II of the Indictment are re-alleged as though fully set forth herein and incorporated by reference for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of 18 U.S.C. §§ 981(a)(1) and 982, and 28 U.S.C. § 2461(c).

Upon conviction of Count I, the defendant, JAMES KENNETH WARD, shall forfeit to the United States any property, real and personal, which constitutes and is derived from proceeds traceable to the offenses, and is involved in the offenses, and traceable to such property, pursuant to 18 U.S.C. §§ 981(a)(1) and 982, and 28 U.S.C. § 2461(c). The property subject to forfeiture includes:

    a. A money judgment of up to $9,977.00.

If any of the property describe above as being subject to forfeiture, as a result of any action or omission of the defendant:

    a. Cannot be located upon the exercise of due diligence;

    b. Has been transferred or sold to, or deposited with, a third party;

    c. Has been placed beyond the jurisdiction of the Court;

    d. Has been substantially diminished in value; or,

    e. Has been commingled with other property that cannot be divided without difficulty.

The defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

    A TRUE BILL.

Foreperson signature redacted. Original document filed under seal.

_____
LEIF M. JOHNSON
Acting United States Attorney


_____
JOSEPH E. THAGGARD
Criminal Chief Assistant U.S. Attorney

Crim. Summons _____
Warrants ✓ _____
Bail: _____